## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **AMCO INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-2065-CM** |
| | ) | |
| **MARK'S CUSTOM SIGNS, INC.;** | ) | |
| **HAMMEKE ELECTRIC, INC.;** | ) | |
| **CAR WASH CANOPIES, L.L.C., f/n/a** | ) | |
| **AWNINGS PLUS;** | ) | |
| **LOVE CONSTRUCTION; and** | ) | |
| **FRANCE, A SCOTT FETZER COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff brings breach of contract, breach of warranty, strict liability, and negligence claims against electricians, contractors, and a manufacturer. Three defendants—Mark's Custom Signs, Inc. ("Mark's"), Love Construction ("Love"),[1] and France, a Scott Fetzer Company ("France")—filed individual motions to dismiss plaintiff's complaint for failing to comply with the pleading requirements outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The court denies each motion as moot because plaintiff's complaint does not establish standing and, therefore, this court lacks subject matter jurisdiction. To demonstrate standing, a plaintiff must have suffered an injury in fact that is fairly traceable to the alleged illegal conduct of the defendant and that can be redressed by a favorable decision. *Riggs v. City of Albuquerque*, 916 F.2d 582, 584 (10th Cir. 1990). Plaintiff's complaint does not identify any such injury even when all material allegations

---

[1] The court cautions Love about the importance of compiling with the local rules. *See* D. Kan. Rule 7.1(a), 7.4(a), and 7.6(a) (discussing the requirements for motions and memorandum). The court considered Love's motion but is unlikely to be as lenient in the future.

are accepted as true and construed in the light most favorable to plaintiff. *See id.* (outlining standard for motion to dismiss for lack of standing). Specifically, plaintiff's complaint suggests that plaintiff does not own the subject property, did not enter a contract with any defendant, did not receive a warranty from any defendant, was not owed a duty by any defendant, and did not receive goods from any defendant.

Plaintiff's complaint also alleges that the sole basis for subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. This section requires complete diversity between all plaintiffs and all defendants. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Plaintiff alleges that Car Wash Canopies, L.L.C. is a Kansas limited liability company with its principal place of business located in Sedgwick County, Kansas. But a limited liability company is a citizen of each state of which a member is a citizen. *Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001); *see also Kendall State Bank v. Archway Ins. Servs., LLC*, No. 10-2617-KHV, 2011 U.S. Dist. LEXIS 90290, at *11–12 (D. Kan. Aug. 15, 2011) (explaining that the court cannot determine whether subject matter jurisdiction exists because "the complaint does not allege the citizenship of each member of [defendants]"). Plaintiff's complaint does not allege the citizenship of each member of Car Wash Canopies, L.L.C., and, therefore, it fails to properly allege subject matter jurisdiction.

It appears, however, that plaintiff may be able to amend its complaint to establish standing by including allegations regarding plaintiff's right of subrogation (e.g., plaintiff insured Chase, paid Chase for the loss, and is asserting Chase's right pursuant to a subrogation clause). Plaintiff may also be able to amend its complaint to properly allege subject matter jurisdiction. Accordingly, the court grants plaintiff **ten days** from the date of this order to file an amended complaint. Failure to file an amended complaint by this deadline will result in this lawsuit being dismissed without prejudice. If

plaintiff files an amended complaint, defendants may answer, move, or otherwise respond as necessary.[2]

The court has additional concerns about plaintiff's complaint. To survive a Federal Rule of Civil Procedure 12(b)(6) challenge, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 555. This standard requires more than "a formulaic recitation of the elements of a cause of action" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

After a cursory review, plaintiff's claims against France do not seem to satisfy this standard because each appears to consist of little more than a bald recitation of the elements of each cause of action. To justify the lack of additional factual allegations, plaintiff argues that there is "asymmetry of information" and additional facts should not be required. (Doc. 20 at 4.) This argument is unavailing to the court. Plaintiff fails to identify any information in defendant's possession that prevents plaintiff from including additional facts. Rather, plaintiff's insured owns the subject property and presumably has access to the allegedly faulty transformer, wiring, and neon sign.

**IT IS THEREFORE ORDERED** that the court dismisses plaintiff's complaint without prejudice because the court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the court grants plaintiff ten days from the date of this order to file an amended complaint. Failure to file an amended complaint within that time will result in this case being dismissed without prejudice.

**IT IS FURTHER ORDERED** that the court denies as moot France's Motion to Dismiss or Make More Definite (Doc. 12), Love's Motion to Dismiss or Make More Definite (Doc. 15), and Mark's Motion to Dismiss of Defendant Mark's Custom Signs, Inc. (Doc. 18).

---

[2]   Only one motion outlined the essential elements of the challenged cause of action. This information was very helpful to the court.

Dated this 16th day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge