## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AMCO INSURANCE COMPANY, )
                                                )
                 Plaintiff, )
                                                )
vs. )      Case No. 12-2065-CM-KGG
                                                )
MARK'S CUSTOM SIGNS, INC., *et al.*, )
                                                )
                 Defendants. )
_____ )

## MEMORANDUM & ORDER ON
## DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant's Motion to Compel (Doc. 98) seeking an

Order directing Plaintiff to produce certain investigative materials. Because

resolution of the issues raised depends on subsequent events, the Court finds that

the substantive resolution of the issues is premature, but that the Plaintiff should

supplement its discovery responses. Defendant's motion is therefore **DENIED in**

**part** and **GRANTED in part.**

## BACKGROUND

This is an insurance subrogation claim brought by Plaintiff against the

named Defendants resulting from a fire occurring on April 3, 2009, in a building

insured by Plaintiff. (Doc. 31, at 2.) Following payment by Plaintiff, its insured

"assigned all its rights, title and interest in its causes of action arising from the subject fire and damages to Plaintiff." (*Id.*) Plaintiff has brought various subrogation causes of action against the named Defendants, alleging that the fire was "caused by the breach of contracts, carelessness, negligence, recklessness and fault of Defendants . . . ." (*Id.*, at 4.)

At 4:30 a.m. on April 3, 2009, a fire damaged the Plaintiff's insured's property. Plaintiff's in-house Investigator, Mr. Lee, was contacted by the claims representative at about 11:30 a.m. the same day. As is standard practice for any claim involving a large fire loss, Mr. Lee retained the services of an independent fire origin and cause investigator. At about 11:39 a.m., Mr. Lee learned from the Kansas State Fire Marshall that the insured had a previous fire involving the neon lights. After that Mr. Lee learned that the Defendant Mark's Custom Signs had completed some repairs to the lights near where the new fire originated.

Based on this information, because he suspected that Defendant Mark's Sign Company may have responsibility, Mr. Lee retained the services of an electrical engineer expert. Mr. Lee states that he did so because there was now evidence that a third party may have contributed to this loss and he wanted to be prepared for anticipated litigation, although such was not one-hundred certain to exist.

On April 4, 2009, one of the experts (Plaintiffs do not specify which) contacted Mr. Lee and informed Mr. Less of his preliminary findings, including the

opinion that a third party contributed to the fire. Mr. Lee stopped the investigation, and on April 10, 2009, mailed a letter inviting the parties suspected at that time of contributing to the fire, to inspect the scene, which they did on April 24, 2009. Those parties are the Defendants in this litigation.

At issue is one Request for Production propounded by Defendant Mark's Custom Signs, Inc. (hereinafter "Defendant"), seeking documents "regarding the investigation of the accident, your insured's alleged damages, documentation regarding payments made to your insured for its alleged damages, as well as any and all reports or notes made by any investigator, adjuster, agent or representative regarding your insured's claim." (Doc. 99-9, at 2.) While producing certain documents, and "without waiving" its objections, Plaintiff responded that the request "seeks information that is protected by the work product doctrine." (*Id.*)

The parties briefs have not provided the Court with perfect clarity concerning the information that is being withheld under the work product doctrine. However, it appears that the retained information includes reports by the two experts, and portions of the notes from the claims adjuster's file which were redacted to exclude the identity of those experts and conversations between the adjuster and the experts. The Plaintiff has represented that it will likely identify these experts as expert witnesses and provide reports, although Plaintiff states that it may not do so.

## ANALYSIS

**A.    The Work Product Doctrine**.

Fed.R.Civ.P. 26(b)(1) states that "[p]arties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense . . . ."  The

rule continues that "[r]elevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible

evidence."  *Id*.  As such, the requested information must be both nonprivileged and

relevant to be discoverable.  Because the issue of relevance is no longer before the

Court,[1] the analysis turns on whether the information requested is protected from

disclosure by the work-product doctrine as Plaintiff contends.

The general limitation on the discovery of work product is described in Fed.

R. Civ. Proc. 26(b)(3), which provides that, with limited exceptions, "documents

and tangible things" prepared by a party or its agents "in anticipation of litigation

or for trial" are not discoverable.  "To establish the applicability of the work

product privilege, [the withholding party] must show the following elements:  '(1)

the materials sought to be protected are documents or tangible things; (2) they were

prepared in anticipation of litigation or for trial; and (3) they were prepared by or

for a party or a representative of that party.'"  ***U.S. Fire Ins. Co. v. Bunge North***

---

[1]  Plaintiff also objected that the request is "vague, overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence."  (Doc. 99-9, at 2.)  The Court notes that Plaintiff has not discussed these objections in its response to Defendant's motion.  As such, these objections are waived.

*America, Inc.*, No. 05-2192-JWL-DJW, 2008 WL 2548129, at *5 (D.Kan. June 23,

2008) (quoting *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D.Kan.2000)

(citations omitted)).

> The asserting party has the burden of establishing work
> product protection.  To carry that burden, the proponent
> must make a 'clear showing' that the asserted objection
> applies.  A 'blanket claim' as to the applicability of the
> work product doctrine does not satisfy the burden of
> proof.  It is well settled that the party seeking to invoke
> work product immunity has the burden to establish all
> elements of the immunity and that this burden can be met
> only by an evidentiary showing based on competent
> evidence.

*Hillsdale Environmental Loss Prevention, Inc. v. U.S. Army Corps of Engineers*,

No. 10–2008–CM–DJW, 10–2068–CM–DJW, 2011 WL 1102868, at *8 (D.Kan.

March 23, 2011) (citing *U.S. Fire Ins. Co. v. Bunge N.Am., Inc*., 247 F.R.D. 656,

657 (D.Kan.2007)).

Work product claims regarding two types of retained experts are governed

by Fed. R. Civ. P. 26(b)(4).  The first type is an expert from whom a report is

required.  This is an expert who is identified as a witness a party "may use at trial"

to provide evidence under Fed.R.Evid. 702, 703 or 705 (governing expert

testimony) and who is retained or specially employed to provide expert testimony

in the case, or whose duties as the party's employee regularly involves giving

expert testimony.  Fed.R.Civ.P. 26(a)(2)(A), (B).  The second type of expert is one

retained or specially employed in anticipation of litigation or to prepare for trial but

who is not expected to be called as a witness at trial. Fed. R. Civ. Proc.

26((b)(4)(D).

Work product claims concerning consultants not in one of these two

categories are evaluated under the general work product provision in Fed. R. Civ.

P. 26(b)(3).  When experts are designated as witnesses, the general work product

protection is waived, except as provided by Rule 26(b)(4).

**B.      Timing of Production of Discovery**

The Plaintiff's principal argument is that the discovery requests relating to

information from experts is premature.  Although the Court does not agree that

Rule 26(b)(4)(A) requires discovery concerning testifying experts, other than

depositions, *must* await the formal identification of the experts, there are good

practical reasons for imposing that limitation.  *See **Northern Natural Gas***

***Company v. Approx. 9117.53 Acres***, No. 10-1232-MLB-DWB, 2013 WL 251019

(D. Kan. Jan. 23, 2013).  In its memorandum, the Plaintiff explains that although it

expects to designate these experts for testimony, it may not.  If either of these

experts is not expected to testify at trial, and thus becomes only a "consulting

expert," some of these materials may be protected from discovery under Rules

26(b)(4)(D) or  26(b)(3).  Plaintiff's expert disclosures are due May 31, 2013.

Under these facts, the Court agrees that it would be premature to resolve the

present issues before the experts are designated.

The Court orders that upon Plaintiff's designation of experts under Rule

26(a), Plaintiff will provide amended and supplemental discovery responses to the

Defendant, and an updated privilege log.  Plaintiff is reminded that the privilege

log must be sufficiently detailed to comply with Rule 26(b)(5), to enable the other

parties to assess any claim of privilege.  This updated production is due within 14

calendar days of the expert designations.

## C.    Additional Guidance

The parties have provided facts and arguments which illustrate some

disagreement concerning the evaluation of the privilege issues which may be raised

in the supplemental production.  With the goal of avoiding additional problems, the

Court offers the following guidance.

For any expert witness designated as a witness under Rule 26(a)(2)(A),the

general work product privilege in Rule 26(b)(3) is waived except as provided in

Rule 26(b)(4)(B) and (C), which provides specific work product protection for

experts required to provide reports.  This waiver applies regardless of the capacity

of the expert at the time of document was created.  Rule 26(b)(4)(B) protects *only*

drafts of required Rule 26(a) reports or disclosures.  The Court does not agree that

such protection extends to other types of reports, preliminary or not, by the expert,

or to communications to Plaintiff's agents.[2]  Rule 26(b)(4)(C) protects *only* communications between the expert and the Plaintiff's attorney. Because the Rule protects only communications with Plaintiff's attorney, notes by Plaintiff's non-attorney agents regarding communications with a testifying expert are not protected.  <u>Based on the information provided in Plaintiff's memorandum and privilege log, none of the work product objections interposed will be valid as to a designated testifying expert</u>.

If one or more expert is not designated as a witness, the supplemental privilege log claiming any work product privilege must, to comply with Rule 26(b)(5), include enough information to enable the Defendant to evaluate any work product claim under Rule 26(b)(3) (documents prepared by party or consultants in anticipation of litigation) or Rule 26(b)(4)(D) (facts known or opinions held by non-testifying experts retained for trial preparation or in anticipation of litigation). Plaintiff is cautioned that a finding that litigation was anticipated by a particular date is not the same as establishing that a particular document was prepared in anticipation of such litigation under Rule 26(b)(3)(A).

**Further Procedure**

---

[2]  Plaintiff cites *Greenwood 950, LLC v. Chesapeake La., LP*, 2011 WL 1234735 (W.D. La. Apr. 1, 2011) in support of a claim that this provision protects other early reports by experts. However, the court appears to limit that finding to the facts of that case. To the extent the case stands for a general protection of reports other than Rule 26(a) report drafts, this Court disagrees.

The Plaintiff's expert designations are due May 31, 2013. Plaintiff shall supplement its responses to discovery and its privilege log by June 14, 2013. The parties shall promptly meet and confer as required by D. Kan. Rule 37.2 concerning any disputes arising out of the supplemental discovery. If disagreements persist, the parties shall contact the Magistrate Judge for a mandatory conference prior to filing any motions regarding the supplemental discovery. The parties are reminded that motions raising issues concerning discovery matters are due within 30 days of the alleged default (D. Kan. R. 37.1).

Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2013, at Wichita, Kansas.


     S/ KENNETH G. GALE
     HON. KENNETH G. GALE
     U.S. MAGISTRATE JUDGE